| | |
|---|---|
| 1 | DAVID R. ISOLA, ESQ. SBN 150311 |
|   | FREDERICK DOYLE GRAHAM, ESQ. SBN 217033 |
| 2 | ISOLA & RUIZ, LLP |
|   | 701 South Ham Lane |
| 3 | Lodi, California 95242 |
| 4 | Telephone: (209) 367-7055 |
|   | Facsimile: (209) 367-7056 |
| 5 | |
| 6 | Attorneys for Defendants, |
|   | ARTHUR A. BOLTON, GARY BOLTON, |
| 7 | as Trustee of the Arthur A. Bolton Revocable |
|   | Trust Dated May 20, 2000, the Trust A – Marital |
| 8 | Trust and the Trust B – Family Trust |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THE CITY OF REDWOOD CITY, | ) | Case No.: C 02-2705 SC |
| Plaintiff, | ) | |
| vs. | ) | **STIPULATION TO MODIFY DATES ESTABLISHED IN THE COURT'S STATUS CONFERENCE ORDER SETTING TIMES FOR COMPLIANCE WITH CERTAIN RULES OF COURT; [PROPOSED] ORDER** |
| ARTHUR A. BOLTON, GARY BOLTON, as Trustee of the Arthur A. Bolton Revocable Trust Dated May 20, 2000, the Trust A – Marital Trust and the Trust B – Family Trust, ENO BARBITTA, BONG HO LEE, BOK NIM LEE, SANG KUL KIM, GRACE CHUNG, | ) | |
| Defendants. | ) | |
| ARTHUR A. BOLTON, GARY BOLTON, as Trustee of the Arthur A. Bolton Revocable Trust Dated May 20, 2000, the Trust A – Marital Trust and the Trust B – Family Trust | ) | |
| Counter-Claimants, | ) | |
| vs. | ) | |
| THE CITY OF REDWOOD CITY, | ) | |
| Counter-Defendants. | ) | |

1

This Stipulation To Modify Dates Established In The Court's Status Conference Order Setting Times For Compliance With Certain Rules Of Court is entered into as among all parties having appeared in this action, including Plaintiff City of Redwood City, and Defendants ARTHUR A. BOLTON, GARY BOLTON, as Trustee of the Arthur A. Bolton Revocable Trust Dated May 20, 2000, the Trust A – Marital Trust and the Trust B – Family Trust, and ENO BARBITTA, whereby they seek an order modifying the dates established in the Court's August 25, 2006, Status Conference Order Setting Times For Compliance With Certain Rules Of Court ("Status Conference Order").

WHEREAS, following the status conference held on August 25, 2006, the Court entered the Status Conference Order establishing the following dates for this litigation:

| | |
|---|---|
| Discovery Cutoff | March 1, 2007 |
| Motion Cut-off | March 23, 2007 |
| Pretrial Conference | April 7, 2007 |
| Jury Trial | April 30, 2007 |

WHEREAS, on August 4, 2006, the parties participated in mediation before Lester Levy at the San Francisco office of JAMS. At the time of the mediation the primary impediment to a settlement was the need for additional technical information regarding the scope of the environmental contamination at issue. Through the mediation process, the parties established a framework for developing a work plan to acquire the additional data, and for implementing and funding the additional investigative work. The parties cooperated in this regard, and by early September 2006, the parties and their consultants collectively agreed on a work plan.

WHEREAS, an essential component of the work plan involves advancing borings and collecting soil and groundwater samples in the parking lot of a Safeway store located adjacent to the area where contamination has been previously detected.

WHEREAS, in mid-September 2006, Defendant Bolton's environmental consultants contacted Safeway's corporate property management representatives seeking access to advance the required borings. Safeway advised that site access was a legal issue, which would have to be resolved between Bolton's and Safeway's legal representatives. Bolton's counsel contacted Safeway's corporate real estate counsel regarding site access, which set in motion an ordeal of near epic proportion whereby Safeway started its site access negotiations with the absurdly unreasonable requirement that Bolton assume liability for any contaminants detected on the Safeway property.

WHEREAS, an agreement was finally reached with Safeway during the week of December 18, 2006, and three "original" copies of the agreement signed in blue ink (Safeway's requirements) were delivered to Safeway on December 19, 2006.

WHEREAS, at this time Bolton's consultants anticipate conducting the sampling activities in late January 2007, with results being available in mid February 2007. Based on this anticipated schedule, the parties have scheduled a further mediation session with Mr. Levy on February 22, 2007.

WHEREAS, based on the foregoing, the parties respectfully request that the Court continue the dates set forth in the Status Conference Order by a period of five months such that the new dates (subject to the Court's calendar), would be as follows:

3

|   | **Current Date** | **Proposed Date** |
|---|---|---|
| Discovery Cutoff | March 1, 2007 | August 1, 2007 |
| Motion Cut-off | March 23, 2007 | August 23, 2007 |
| Pretrial Conference | April 27, 2007 | September 28, 2007 |
| Jury Trial | April 30, 2007 | October 1, 2007 |

WHEREAS, good cause exists for the requested continuance in that:

1. Compliance with the current dates would force the City to expend public resources conducting discovery and other trial preparation activities that may prove unnecessary;

2. Compliance with the current dates would force the defendants to expend limited insurance monies conducting discovery and other trial preparation activities that may prove unnecessary, where such monies could be better utilized for settlement;

3. The parties have acted in good faith, and the delay which forms the basis for the requested continuance was caused by a third party over which the parties have no control, to wit, Safeway;

4. The parties have narrowed their disputed issues such that the results of the pending soil and groundwater investigative activities will likely be determinative of and how this action can be settled.

THEREFORE, IT IS HEREBY STIPULATED by and between the parties hereto that the deadlines established by the Status conference Order may be modified as set forth above.

1  Dated: 1-8-07                    ISOLA & RUIZ, LLP

                                  By: _____
                                      DAVID R. ISOLA
                                  Attorneys for ARTHUR A. BOLTON, GARY
                                  BOLTON, as Trustee of the Arthur A. Bolton
                                  Revocable Trust Dated May 20, 2000, the Trust
                                  A – Marital Trust and the Trust B – Family Trust
                                  Defendant Arthur Bolton


10 Dated: 1-8-07                   COX, CASTLE, & NICHOLSON, LLP

                                  By: _____
                                      PERRY HUGHES
                                  Attorneys for Plaintiff and Counter-Defendant
                                  The City of Redwood City


17 Dated:                          GORDON & REES, LLP

                                  By:_____
                                      BRIAN M. LEDGER
                                  Attorneys for Defendant Eno Barbitta

5

STIPULATION TO MODIFY DATES

Dated:                                   ISOLA & RUIZ, LLP


By: _____
         DAVID R. ISOLA
Attorneys for ARTHUR A. BOLTON, GARY BOLTON, as Trustee of the Arthur A. Bolton Revocable Trust Dated May 20, 2000, the Trust A – Marital Trust and the Trust B – Family Trust
Defendant Arthur Bolton


Dated:                                   COX, CASTLE, & NICHOLSON, LLP


By: _____
         PERRY HUGHES
Attorneys for Plaintiff and Counter-Defendant
The City of Redwood City


Dated:                                   GORDON & REES, LLP


By: _____/s/_____
         BRIAN M. LEDGER
Attorneys for Defendant Eno Barbitta

[PROPOSED] ORDER

Based on the foregoing Stipulation, and good cause existing therefore, IT IS HEREBY ORDERED THAT, the dates set forth in the Status Conference Order Setting Times for Compliance with Certain Rules of Court dated August 25, 2006, are modified to the dates listed above. All other matters set forth in said Order remain unchanged.

DATED:_____, 2007        _____
                                     SAMUEL CONTI
                                     United States District Judge



DENIED
Judge Samuel Conti
1/9/07