UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CITY OF REDWOOD CITY ) <br>      Plaintiffs, ) <br> ) <br>     v. ) <br> ) <br> ARTHUR BOLTON, et al. ) <br>         Defendants. ) <br> ) <br> ) <br> ) <br> _____ ) | No. <u>C-02-2705 SC</u> <br><br><br> ORDER RE:  JURY TRIAL <br> PREPARATION FOR JUDGE <br> <u>SAMUEL CONTI</u>     |

JURY TRIAL PREPARATION FOR JUDGE CONTI

<u>A.  Required Submissions</u>

No later than ten (10) days before trial, each party shall serve upon all other parties and lodge with this court an original and three copies of the following:

    (1) A <u>JOINT</u> agreed upon, brief statement of the case to

        be read to the jury prior to trial.

    (2) Proposed Voir Dire questions.

(3) A trial brief.

(4) A list of exhibits conforming substantially to the form attached as Appendix A.  Upon request of a party, any party shall make the original of any exhibit available for inspection and/or copying.

(5) A list of witnesses, including expert witnesses, in the expected order of their presentation.  The witness list shall also include:

       (a)   a brief statement as to the content of the witness' testimony;

       (b)   an estimate of the time of the witness' testimony, on both direct and cross examination;

       (c)   any expert testimony shall strictly comply with FRCP Rule 26(a).

       (d)   any Daubert objections to the testimony of any expert or witness should be raised with the Court by motion ten (10) days before trial, or objection is WAIVED.

No witnesses other than those on said list shall be allowed to testify, except upon express order of this court.

(6)  A statement designating all excerpts from depositions (specifying the witness' name, with page and line references),

answers to interrogatories, and responses to requests for admission to be offered at trial for any purpose other than impeachment or rebuttal.

(7)  <u>JOINT</u> jury instructions (<u>see</u> section C. <u>infra</u>).

(8)  A proposed form of verdict.

(9)  Motions in Limine will be heard at the pretrial conference.  Motions in limine are to be filed and served no later than ten (10) days prior to the pretrial conference, oppositions are to be filed and served no later than five (5) days prior to the pretrial conference.


B.  Exhibit Binders

Exhibits that can be reduced to 8.5" by 11" form (i.e. written documents, photographs, etc.) should be placed in three-ring binders with each exhibit tabbed on the side.  A copy of the exhibit list should be placed in the front of the binder. Binders should be clearly labeled on the outside as to which party's exhibits and what exhibit numbers they contain.  The parties should prepare three (3) sets of binders:  one for the Judge, one for the witness to refer to, and one for the clerk to act as the original.  The original copy should have an exhibit marker attached to the first page of each exhibit in the lower right hand corner.  The exhibit marker must appear substantially

3

in the following form:

United States District Court

Northern District of California

Case No. _____

{Name of Party}'s Exhibit No. _____

Date Entered: _____

Clerk, United States District Court

By: _____

Deputy Clerk

These binders are to be delivered directly to Judge Conti's
Chambers no later than three (3) days before the date of trial.
They are not to be filed in the clerk's office.


C.  Proposed Jury Instructions

        No later than ten (10) days before the trial date, the
parties shall lodge with the court three identical sets of JOINT
proposed jury instructions.  The parties are ordered to meet,
confer, and prepare said complete set of jury instructions.  This
complete set of all proposed instructions upon which the parties
agree must include all standard instructions regarding the role
of jurors, organization of the jury, communication with the
court, etc.  Failure to submit an agreed upon instruction on a
matter of law as to which there is no substantial ground for
difference of opinion may be considered a sufficient ground for
the imposition of sanctions on counsel.

4

In addition, the parties shall attach to the originals a complete set of instructions on a CD-ROM formatted for Wordperfect or in Rich Text format.

Each individual proposed instruction shall be concise and free from argument, and typewritten on separate pages.  Each proposed instruction should include the heading

JURY INSTRUCTION NO. _____

centered at the top of the first page of the instruction.

Each set shall include two (2) separate copies of the proposed instructions. Each instruction in the first copy should include a title briefly stating the general subject matter of the instruction and should be free from citation to supporting authority or other extraneous references.

Each instruction in the second copy should include citations to supporting authority whenever available, but should be identical to instruction in the first copy in all other respects. An example is attached as Appendix B.

With each set of instructions, the parties shall include an index to the proposed instructions.

IT IS SO ORDERED.

Dated: June 19, 2007

_____
United States District Judge

INSTRUCTIONS FOR COMPLETING EXHIBIT MARKERS AND EXHIBIT LIST

EXHIBIT MARKERS

Counsel should fill in the appropriate markers leaving the "Date Entered" and "Deputy Clerk" lines blank.

Plaintiff's exhibits should be denoted as: P-1, P-2, P-3, etc. Defendant's exhibits should be denoted as: D-501, D-502, D-503, etc.

EXHIBIT LIST

Counsel are to supply all the requested information with the exception of the two "Date Boxes."

COLOR OF EXHIBIT BINDERS

Plaintiff's exhibit binders must be black and Defendant's exhibit binders must be blue.

A P P E N D I X   A.

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA<br>Case No._____<br>**PLAINTIFF** Exhibit No._____<br>Date Entered:_____<br>RICHARD W. WIEKING, CLERK<br>By:_____<br>Deputy Clerk | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA<br>Case No._____<br>**DEFENDANT** Exhibit No._____<br>Date Entered:_____<br>RICHARD W. WIEKING, CLERK<br>By:_____<br>Deputy Clerk |
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA<br>Case No._____<br>**PLAINTIFF** Exhibit No._____<br>Date Entered:_____<br>RICHARD W. WIEKING, CLERK<br>By:_____<br>Deputy Clerk | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA<br>Case No._____<br>**DEFENDANT** Exhibit No._____<br>Date Entered:_____<br>RICHARD W. WIEKING, CLERK<br>By:_____<br>Deputy Clerk |
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA<br>Case No._____<br>**PLAINTIFF** Exhibit No._____<br>Date Entered:_____<br>RICHARD W. WIEKING, CLERK<br>By:_____<br>Deputy Clerk | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA<br>Case No._____<br>**DEFENDANT** Exhibit No._____<br>Date Entered:_____<br>RICHARD W. WIEKING, CLERK<br>By:_____<br>Deputy Clerk |
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA<br>Case No._____<br>**PLAINTIFF** Exhibit No._____<br>Date Entered:_____<br>RICHARD W. WIEKING, CLERK<br>By:_____<br>Deputy Clerk | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA<br>Case No._____<br>**DEFENDANT** Exhibit No._____<br>Date Entered:_____<br>RICHARD W. WIEKING, CLERK<br>By:_____<br>Deputy Clerk |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CASE NO. _____                    DATE _____

_____ vs. _____

EXHIBIT LIST

( ) PLAINTIFF                              ( ) DEFENDANT

| EXHIBIT NUMBER | DATE | | DESCRIPTION |
| --- | --- | --- | --- |
| | Marked for Identification | Admitted in Evidence | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

JURY INSTRUCTION NO. _____


<u>Unintentional Tort -- Negligence -- Defined</u>
Negligence is the doing of some act which a reasonably prudent person would not do . . .


. . . etc.


A P P E N D I X   B.

JURY INSTRUCTION NO. _____


<u>Unintentional Tort -- Negligence -- Defined</u>

Negligence is the doing of some act which a reasonably prudent person would not do . . .


. . . etc.



Source:  Ninth Circuit Model Jury Instructions § 80.03



A P P E N D I X   B. (cont.)